TREVOR R. PINCOCK
ISB #8918
MICHAEL G. SCHMIDT
ISB #6911
LUKINS & ANNIS, P.S.
601 E. Front Ave., Ste 303
Coeur d'Alene, ID 83814
Telephone: (208) 667-0517
Facsimile: (509) 747-2323

Attorneys for AgWest Farm Credit, PCA
and AgWest Farm Credit FLCA

Chapter 12

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>IDAHO LIVESTOCK ENTERPRISES INC.,<br><br>Debtor. | NO. 26-20374-NGH<br><br>Chapter 12<br><br>**OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL** |

## I. <u>INTRODUCTION</u>

AgWest Farm Credit, PCA ("PCA") and AgWest Farm Credit, FLCA ("FLCA"), by and through their attorneys Trevor R. Pincock and Michael G. Schmidt of Lukins & Annis, P.S., object to Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral (the "Motion") as set forth below.



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Debtor seeks approval to utilize $24,000.00+/- in proceeds from the sale of hay and feed supplement, which constitutes PCA's cash collateral (the "Cash Collateral"), in order to fund its feed lot operations from October 14, 2026 to November 12, 2026. As adequate protection Debtor proposes to grant PCA replacement liens in collateral that Debtor previously granted to PCA, and an adequate protection payment that likely would not be paid until December 2026

PCA objects to Debtor's Motion. First and foremost, PCA does not believe there is any equity in the collateral that Debtor previously granted to PCA, so replacement liens on that collateral does not adequately protect PCA.

Moreover, it's not clear that the proposed use of cash collateral will protect assets of the Estate. The hay and feed will be used to feed cattle that do not belong to the Debtor. The proposed adequate protection will presumably come from selling cattle in December, a sale in which the Estate has no apparent interest or security. In any event, a payment in December does not provide adequate protection for Debtor's immediate use of Cash Collateral.

Moreover, based on Debtor's prior and current feed lot operations as identified in the budgets and at the 341 meeting of creditors, PCA and FLCA do not believe that ongoing and future operations of the feed lot are viable and therefore replacement liens are not adequate protection.



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## II. ARGUMENT

The Debtor seeks authorization to use PCA's cash collateral for its feed lot operations and offers replacement liens and a future adequate protection payment from the sale of cattle that belong to a non-Debtor entity[1]. PCA objects because there is no equity in the collateral that secures the PCA Loans and because a future payment from the sale of non-Debtor assets is not sufficient adequate protection. Moreover, based on Debtor's past several years of operations and the current operations of the feed lot, PCA and FLCA do not believe that ongoing or future feed lot operations are viable.

Pursuant to 11 U.S.C. § 363(c)(2), a Debtor may not use cash collateral unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use in accordance with the provisions of § 363. Pursuant to 11 U.S.C. § 363(p)(1), the Debtor bears the burden of proof on issues of adequate protection. As a result of these provisions, courts will authorize a debtor to use cash collateral to continue operations during a bankruptcy case only so long as the interests asserted by a secured creditor in such collateral are adequately protected.

---

[1] Debtor's representative, William Russell, stated at the 341 Meeting that the Debtor no longer owns any cattle, and that the cattle Debtor proposes to feed are cattle owned by Trinity Holdings, LLC, a separate entity that he owns.



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

"The burden of proof is on the debtor to demonstrate that the secured creditor is adequately protected for purposes of using its cash collateral." In re Hari Ram, Inc., 507 B.R. 114, 120 (Bankr. M.D. Pa. 2014) (citing Resolution Trust Corp. v. Swedeland Dev. Grp., Corp. (In re Swedeland Dev. Grp., Inc.), 16 F.3d 552, 564 (3d Cir. 1994)); 11 U.S.C. § 363(p)(1). "[A] determination of whether there is adequate protection is made on a case by-case basis." In re Swedeland Dev. Grp., Inc., 16 F.3d at 564. Section 361 of the Bankruptcy Code provides that adequate protection may be provided in the form of (1) "a cash payment or periodic cash payments," (2) "an additional or replacement lien," or (3) "such other relief as will result in the realization by [the grantee] of the indubitable equivalent of such entity's request in such property."

**A. Proceeds from the Sale of Hay and Feed is PCA's Cash Collateral.**

PCA is a perfected secured creditor of the Debtor arising out of two loans (the "PCA Loans"). See Declaration of Ben Holling, ¶ 4. Payment of the PCA Loans is secured by a security interest in Debtor's machinery, equipment, fixtures, inventory, livestock, supplies used or produced in Debtor's farming operation, and products thereof and related accounts ("PCA Collateral"). See Motion, Exhibit A. The PCA Collateral includes the hay and feed identified in the Motion that Debtor



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

proposes to sale. Proceeds from the sale of PCA Collateral is PCA's Cash Collateral.

**B. Replacement Liens Are Not Sufficient Adequate Protection.**

In support of the request to use PCA's Cash Collateral to fund its feed lot operations, Debtor offers to provide PCA replacement liens in post-petition assets of the same kind, type, and nature as it held in pre-petition collateral, including proceeds therefrom.

However, the proposed replacement liens are not adequate protection because there's no equity in the PCA Collateral that would make replacement liens sufficient adequate protection for the use of $24,000 of Cash Collateral.

PCA disagrees with Debtor's assertion that the PCA Loans are fully secured by the PCA Collateral and that there is an equity cushion. PCA has learned that Debtor no longer owns any cattle and PCA does not believe there's any equity in the remaining PCA Collateral sufficient to provide adequate protection in the form of replacement liens. See Holling Decl., ¶ 6. Notably, Debtor refused PCA's pre-petition requests to inspect the PCA Collateral and again rejected PCA's request for an inspection when asked at the 341 meeting of creditors. Id. at ¶ 7.

Moreover, PCA does not believe that Debtor's continuing operation of a feed lot is viable. The PCA Loans have been distressed for several years and



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

despite prior efforts Debtor was unable to obtain refinancing. See Holling Decl., ¶ 8. Debtor's plan as outlined in the budget and at the 341 meeting of creditors is to increase the number of cattle at the feed lot, but the feed lot is not large enough to feed enough cattle to produce revenues sufficient to service the PCA Loans and the FLCA Loan. Id. at ¶ 9.

## III. CONCLUSION

For the reasons set forth above, PCA and FLCA respectfully object to the Debtor's Motion.

DATED this 12th day of October, 2026.

LUKINS & ANNIS, P.S.

By ______________________
TREVOR R. PINCOCK
MICHAEL G. SCHMIDT
Attorneys for AgWest Farm Credit, PCA and AgWest Farm Credit, FLCA



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323